COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       Alexandria Marrujo and Allied Stone, Inc. v. Wisenbaker Builder Services, Inc.

Appellate case number:     01-19-00056-CV

Trial court case number:   2018-54748

Trial court:               295th District Court of Harris County

Appellants, Alexandria Marrujo and Allied Stone, Inc., timely filed a joint notice of appeal on January 17, 2019, from the trial court's December 28, 2018 order denying their "Motion to Dismiss Pursuant to the Texas Citizens Participation Act" ("TCPA"). *See* TEX. R. APP. P. 26.1(a)(4), (b). The trial court's order was signed by the Honorable Caroline Baker, the former presiding judge of the 295th District Court of Harris County. On January 29, 2019, appellee, Wisenbaker Builder Services, Inc., filed a notice of cross-appeal from the TCPA order which had also denied appellee's request for attorney's fees and costs.

Appellants filed their notice of appeal after timely filing a "Motion for Issuance of Findings on its Motion to Dismiss and Request for Rulings on Objections" on January 11, 2019, from the new presiding judge, the Honorable Donna Roth, under Section 27.007. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.007(a) (West 2014). On February 6, 2019, the reporter's record of the December 17, 2018 hearing held before Judge Baker on the TCPA motion to dismiss was filed in this Court. On February 22, 2019, the clerk's record was filed. On March 11, 2019, the Clerk of this Court granted appellants' motion for an extension of time to file their brief until April 15, 2019.

On April 2, 2019, appellants filed a "Request Made to Supplement Clerk's Record" in this Court. Appellants had requested that the district clerk file a supplemental clerk's record with the attached March 26, 2019 Order signed by Judge Roth, who declined to rule on appellants' motion for findings because "[p]ursuant to the Texas Civil Practice and Remedies Code once a Notice of Appeal is filed all trial court proceedings are stayed."

"At the request of a party making a [TCPA] motion under Section 27.003, the court shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose,

including to harass or to cause unnecessary delay or to increase the cost of litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 27.007(a). The trial court "must issue findings under Subsection (a) not later than the 30th day after the date a request under that subsection is made." *Id.* at § 27.007(b); *see also Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 705 (Tex. App.—Amarillo, pet. filed) ("When requested to issue such findings by the movant, the trial court is required to do so."). However, the appeal from the denial of a TCPA motion is an interlocutory appeal, which imposes an automatic stay. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.008(b), 51.014(a)(12), (b) (West 2014). The automatic stay imposed by section 51.014(b) creates a bright line rule which "stays all other proceedings in the trial court" pending resolution of any interlocutory appeal filed under section 51.014(a)(12), as here. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12), (b); *In re I-10 Colony, Inc.*, No. 01-14-00775-CV, 2014 WL 7914874, at *2 (Tex. App.—Houston [1st Dist.] Feb. 24, 2014, orig. proceeding) (mem. op.) (granting mandamus to direct trial court to vacate order compelling discovery entered in violation of section 51.014(b) stay).

Here, "[w]hen an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security." TEX. R. APP. P. 29.3. Because Judge Roth, who continues to serve on the district court, properly refrained from violating the section 51.014(b) automatic stay, this Court must direct the trial court to correct the error, if any, by lifting the stay. *See* TEX. R. APP. 7.2(b) ("In all other cases, the suit will not abate, and the successor will be bound by the appellate court's judgment or order as if the successor were the original party."); 44.4(a), (b).

Accordingly, the Court construes the appellants' "Request Made to Supplement Clerk's Record" to include a motion to abate, **grants** the motion, **lifts** the stay, **abates** this appeal, and **remands** to the trial court for the limited purpose of ruling on appellants' "Motion for Issuance of Findings on its Motion to Dismiss and Request for Rulings on Objections," including the findings of fact required by Section 27.007(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12), (b); *see also In re I-10 Colony, Inc.*, 2014 WL 7914874, at *2. Because this is an accelerated appeal, the Court **orders** the trial court to sign any order and findings of fact **within 15 days of the date of this Order**. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b). The district clerk is directed to file a supplemental clerk's record containing the trial court's order, if any, and findings with the Clerk of this Court **within 5 days of the date** the district court signs any order and findings.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record that complies with this Order is filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party or may reinstate the appeal on its own motion. Appellant's brief shall be due within twenty days after the appeal is reinstated. *See* TEX. R. APP. P. 38.6(a).

It is so ORDERED.

Judge's signature: ___/s/ Laura C. Higley_____

                     x  Acting individually    ☐ Acting for the Court

Date: __April 9, 2019_____